CHARLES H. RHOADES *vs.* SAMUEL CASTNER & others.

lf an order for goods is filled up in duplicate, and one copy, which is signed by the seller accepting the order, is delivered to the purchaser, and the other copy is signed by the purchaser and delivered to the seller, the two papers may both be submitted to the jury as evidence of a written contract signed by both the parties; and if the purchaser afterwards adds his own signature to the copy in his possession, without fraudulent intent, and subsequently erases it, this will not prevent his using such copy in evidence, in an action against the seller for a failure to deliver the goods.

In an action to recover damages for a failure to fulfil a written contract for the delivery of a cargo of coal, " water nine and one half feet," parol evidence is competent to show what number of tons of coal usually constituted the cargo of a vessel drawing that depth of water.

CONTRACT brought to recover damages for the failure to deliver a quantity of coal, sold by the defendants to the plaintiff. One ground of defence was that the contract was not binding, because not executed in conformity to the statute of frauds.

At the trial in the superior court, before *Brigham*, J., it appeared that the defendants furnished printed forms of orders upon themselves for coal, and one of these forms was filled up, requesting them to ship " to my wharf, Malden, Cargo Loc. Mtn. W | A Stove coal, price $6.90 per ton." " Water, 9½ feet." Dated at Boston, Sept. 26th 1863. This order was not signed by the plaintiff, but was accepted in writing by the defendants. It further appeared that during the session of the court the

plaintiff had added his signature to this order, and after the trial began had erased the same at the request of the defendants. The defendants objected that the alteration was a material one, and that the order was not admissible in evidence; but the objection was overruled. The defendants then, on notice from the plaintiff, produced a duplicate of the same order, signed by the plaintiff, but without having their written acceptance upon it; and the judge, against the defendants' objection, allowed the plaintiff to read both papers to the jury, and ruled that taken together they constituted a sufficient memorandum in writing of the contract, under the statute of frauds; it appearing in evidence that on the day of their date the plaintiff's copy was delivered to him by the defendants, and the defendants' copy was retained by them with the plaintiff's consent.

The defendants further objected that no recovery could be had, because the number of tons of coal was not mentioned; but the judge allowed the plaintiff to show by parol evidence what number of tons of coal usually constituted the cargo of a vessel drawing nine and one half feet of water, for the purpose of showing how many tons the defendants agreed to ship to the plaintiff.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*H. G. Hutchins*, for the defendants. The addition by the plaintiff of his own name to his copy of the order made that copy apparently complete proof of the bargain by itself, and therefore the alteration was material. *Marshall* v. *Gougler*, 10 S. & R. 164. *Henning* v. *Werkheiser*, 8 Penn. State R. 518. *Thornton* v. *Appleton*, 29 Maine, 298. *Ford* v. *Ford*, 17 Pick. 418. *Adams* v. *Frye*, 3 Met. 108. *Master* v. *Miller*, 1 Smith's Lead. Cas. 934, and cases cited. The memorandum of the contract was insufficient, because it did not definitively state the quantity of coal. *Williams* v. *Bacon*, 2 Gray, 387. *Waterman* v. *Meigs*, 4 Cush. 497. *Ryan* v. *Hall*, 13 Met. 520. *Morton* v. *Dean*, Ib. 385. *Shaw* v. *Finney*, 13 Met. 453. *Penniman* v *Hartshorn*, 13 Mass. 87.

*A. V. Lynde*, for the plaintiff.

CHAIMAN, J.   The two papers were properly read in evidence to the jury.   Taken together they constitute an order on the defendants for a cargo of coal of a certain designated kind, limiting the size of the vessel to a draught of nine and a half feet stating the price per ton and the place of delivery, signed by the plaintiff and accepted in writing by the defendants.   The jury were properly instructed that the two papers, taken together, constituted a sufficient memorandum of the contract under the statute of frauds.   *Lerned* v. *Wannemacher*, 9 Allen, 412.   Parol evidence was properly admitted to show what number of tons of coal would be contained in such a cargo as the writing described, that being a latent ambiguity.

It appeared that the plaintiff had, while the court was sitting, signed his name at the bottom of the paper which he held, and which was signed by the defendants, but had erased it again at the request and with the consent of the defendants, after the trial began.   It is not alleged that it was done fraudulently, but it is contended that it was a material alteration, and for that reason the paper was objected to as being inadmissible in evidence.   It is not contended that it alters the effect of the contract, if the two papers are to be taken together.   The ground of the objection is, that it would enable the plaintiff to maintain his action without using the paper which was in the possession of the defendants.   The objection seems to us to be very much like the objection made in *Ford* v. *Ford*, 17 Pick. 418.   There the note was signed, and was attested by a single witness, which gave it the character of a witnessed note.   The addition of the attestation of another witness in the absence of the maker furnished to the plaintiff additional evidence, but it was held not to be a material alteration of the note, because it made no alteration in its character.   So here, the signature of the plaintiff made no alteration in the character or substance of the memorandum.

The alteration not being material, nor made fraudulently could not affect the instrument.   *Adams* v. *Frye*, 3 Met. 108.

*Exceptions overruled.*